J. S22028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND ROMAN, | : | |
| | : | |
| Appellant | : | No. 1760 MDA 2015 |

Appeal from the PCRA Order September 15, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division No(s): CP-36-CR-0005101-2012
CP-36-CR-0005102-2012
CP-36-CR-0005452-2012
CP-36-CR-0005460-2012

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 20, 2016**

Appellant, Raymond Roman, appeals *pro se* from the Order entered on September 15, 2015, dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.[1]

On April 23, 2013, Appellant entered a negotiated guilty plea to numerous drug charges.  Pursuant to the plea negotiations, the trial court sentenced Appellant to an aggregate term of 6 to 15 years' incarceration.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The facts of the underlying convictions are not relevant to our disposition.

Appellant did not file a direct appeal. Appellant's Judgment of Sentence became final on May 23, 2013.

On November 6, 2014, Appellant filed his first PCRA petition, which the PCRA court ultimately dismissed as untimely on March 20, 2015.

Appellant filed this PCRA petition, his second, on August 17, 2015, more than two years after his Judgment of Sentence became final. The PCRA court dismissed the petition as untimely on September 15, 2015.

Appellant filed a timely *pro se* Notice of Appeal on October 6, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue on appeal:

> Did the PCRA Court commit plain error when holding [A]ppellant's claims "…[a]re untimely and meritless" by failing to recognize the exception to 42 Pa.C.S. § 9545(b)(1)(iii) in accord ***Commonwealth v. Hopkins***, 2015 Pa. LEXIS 1281, No. 98 MAP 2013 (June 15, 2015), making mandatory minimum sentences unconstitutional, and [A]ppellant preserved when filing his []Defendant's Concise Statement of the Errors Complained of on Appeal, P[a].R.A.P. 1925(b), statement []?

Appellant's Brief at 4 (capitalization and underlining removed).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. ***See Commonwealth***

*v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Appellant filed the instant petition more than two years after his Judgment of Sentence became final, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

With respect to Appellant's challenge to the legality of his sentence, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) and argues that the trial court imposed illegal mandatory minimum sentences pursuant to 18 Pa.C.S. § 7508 for several PWID convictions. Appellant's Brief at 9, 12. Appellant relies on *Alleyne v.*

*United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013),[2] as well as *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).[3]

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Appellant must present an illegal sentencing claim in a timely PCRA petition over which we have jurisdiction. *See Fahy, supra* at 223, and *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014) (*en banc*) (explaining that the decision in *Alleyne* does not invalidate a

---

[2] *Alleyne* held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Id*., 131 S.Ct. at 2160-61.

[3] Appellant avers that *Hopkins*, *supra*, is controlling authority. Appellant's Brief at 9-13. In *Hopkins*, our Supreme Court held 18 Pa.C.S. § 6317, which imposed a mandatory minimum sentence for a drug sale or PWID within 1,000 feet of a school, unconstitutional. Appellant fails to develop his argument here and explain why *Hopkins* controls his mandatory sentence pursuant to 18 Pa.C.S. § 7508. This defect is noteworthy because it prevents Appellant from relying on the date of the *Hopkins* decision rather than the date of the *Alleyne* decision for purposes of the sixty-day rule under 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's reliance on *Hopkins* is, thus, misplaced.

mandatory minimum sentence when presented in an untimely PCRA petition).

Here, the United States Supreme Court decided **Alleyne** on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013. **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed this PCRA petition on August 17, 2015, well after the 60-day deadline of August 16, 2013. After concluding that Appellant failed to prove the applicability of one of the timeliness exceptions, the PCRA court properly dismissed Appellant's PCRA petition as untimely.

In **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015), this Court declined to give **Alleyne** retroactive effect to cases on timely collateral review when the defendant's Judgment of Sentence had been finalized before **Alleyne** was decided. In **Commonwealth v. Miller,** 102 A.3d 988 (Pa. Super. 2014), this Court observed that **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition.

Because Appellant's Judgment of Sentence was final when **Alleyne** was decided and because he filed an untimely PCRA petition, the instant case is indistinguishable from **Riggle** and **Miller**. The PCRA court's

determination is supported by the evidence of record and free of legal error.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016